JUDGE KRAM

07 CV 10617

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

EASTRIVER PARTNERS, INC., Individually :   Civil Action No.
and On Behalf of All Others Similarly
Situated,,                              :   CLASS ACTION COMPLAINT
                                            FOR VIOLATIONS OF
                          Plaintiff,    :   FEDERAL SECURITIES LAWS

                                        :

        vs.                             :

FOCUS MEDIA HOLDING LIMITED,            :
MERRILL LYNCH & CO., CREDIT SUISSE
SECURITIES (USA) LLC and CITIGROUP      :
GLOBAL MARKETS INC.,
                                        :

                          Defendants.   :

                                        :
———————————————————— x



NOV 27 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Focus Media Holding Limited ("Focus Media" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company) and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons, other than defendants, who purchased the American Depositary Shares ("ADSs") of Focus Media in the Company's secondary public offering on or about November 7, 2007 (the "Secondary Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3.      This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §1331.

4.      Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c). The acts and conduct complained of herein occurred in substantial part in this District and the Secondary Offering was marketed in this District.

5.      In connection with the acts and conduct alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the

mails and telephonic communications and the facilities of the Nasdaq National Market ("NASDAQ").

## PARTIES

6.    Plaintiff Eastriver Partners, Inc. purchased Focus Media ADSs, as set forth in the certification attached hereto and incorporated herein by reference, in the Secondary Offering and was damaged thereby.

7.    Defendant Focus Media operates out-of-home advertising network using audiovisual television displays in the People's Republic of China.

8.    Defendants Credit Suisse Securities (USA) LLC ("Credit Suisse"), Citigroup Global Markets Inc. ("Citigroup") and Merrill Lynch & Co. ("Merrill Lynch") served as the lead underwriters for the Secondary Offering. Credit Suisse maintains its principal United States offices in this District and Merrill Lynch's and Citigroup's executive offices are in this District. Credit Suisse, Citigroup and Merrill Lynch failed to perform adequate due diligence in connection with their roles as underwriters for the Secondary Offering and were negligent in failing to ensure that the Registration Statement and Prospectus (defined below) were prepared properly and accurately.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

9.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of itself and all persons other than defendants who purchased the ADSs of Focus Media in the Secondary Offering. Excluded from the Class are defendants herein, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

10.    The members of the Class are so numerous that joinder of all members is impracticable. Focus Media sold more than 13.5 million ADSs in the Secondary Offering. The precise number of Class members is unknown to plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of Focus Media or its transfer agent or the underwriters to the Secondary Offering. Notice can be provided to such record owners by a combination of published notice and first-class mail, using techniques and a form of notice similar to those customarily used in class actions arising under the federal securities laws.

11.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection and intends to prosecute this action vigorously.

12.    Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff and all the class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

13.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

14.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    Whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)    Whether the prospectus and registration statement issued by defendants to the investing public in connection with the Secondary Offering negligently omitted and/or misrepresented material facts about Focus Media and its business; and

(c)    The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

15.    Defendant Focus Media describes itself as "China's leading multi-platform digital media company, operate the largest out-of-home advertising network in China using audiovisual digital displays, based on the number of locations and number of flat-panel television displays in our network, and also are a leading provider of Internet marketing solutions in China."

16.    On or about November 1, 2007, Focus Media filed a Form F-1/A Registration Statement (the "Registration Statement") with the Securities and Exchange Commission ("SEC") for the Secondary Offering.

17.    On or about November 6, 2007, the Prospectus (the "Prospectus") with respect to the Secondary Offering, which forms part of the Registration Statement, became effective and more than 13.5 million shares of Focus Media's ADSs at $64.75 per ADS were sold to the public, thereby raising more than $888 million.

18.    The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

19.    The Registration Statement described the Company's acquisition of Allyes stating in pertinent part as follows:

> Our Internet advertising services network, which we acquired through our acquisition of Allyes in March 2007, uses proprietary software applications provide online ad publishing, creative production, tracking, targeting, and performance analysis. We also provide performance-based online advertising services providing advertisers with pay by CPA (cost-per-action), which directly links advertising cost with performance. Our Internet advertising services network has integrated advertising resources from over 5,000 popular websites, making it the largest performance-based online advertising network in China.

20.    The Registration Statement described the Company's practice of making acquisitions to grow its business stating in pertinent part as follows:

> We continue, from time to time, to make acquisitions to expand our existing networks and to enter into new areas of business. For instance, in the first half of 2007, we acquired companies to expand our mobile handset advertising network and outdoor LED billboard network as well as entering into the Internet advertising business through several acquisitions including Allyes. We expect that acquisitions will continue to be an important component of our growth strategy.

21.    The statements referenced above in ¶¶19 and 20 were inaccurate statements of material fact because they failed to disclose that the Company had made numerous acquisitions in its Internet advertising business division which were depressing its gross margins in that important division. Indeed, by the time of the IPO, Focus Media had completed its third fiscal quarter of 2007, the period ending September 30, 2007, and, for the third quarter its gross margins in its Internet advertising division had declined to 23% as compared to 27.1% in the second quarter of 2007. Moreover, for the third quarter of 2007, the blended gross margin for Focus Media was 50.9% as compared to 54.6% in the second quarter.

22.    The Registration Statement positively highlighted the Company's financial results for the first six months of 2007 but failed to disclose the negative margin trend. The Registration Statement stated in pertinent part as follows:

As a result of the foregoing, our gross profit increased by 101.5% from $46.5 million for the six months ended June 30, 2006 to $93.6 million for the six months ended June 30, 2007. Our overall gross margin decreased during the same period from 55.8% to 54.8% primarily due to the addition of our Internet advertising services network in the first half of 2007, which has lower margins. For the six months ended June 30, 2007, our gross margin for our digital out-of-home advertising network amounted to 60.1%, including gross margins for our commercial location, in-store and poster frame networks of 62.8%, 26.4% and 67.9%, respectively, compared to a gross margin for our digital out-of-home advertising networks of 61.0% for the six months ended June 30, 2006, including gross margins of 62.0%, 29.3% and 62.0% for our commercial location, in-store and poster frame networks, respectively. Gross margin for mobile handset advertising network increased from 21.8% for the six months ended June 30, 2006 to 56.6% for the six months ended June 30, 2007. Gross margin for out Internet advertising services network was 27.1% for the six months ended June 30, 2007. In the future, our gross margin may fluctuate depending on the respective financial performance and stage of development of each of our networks as well as the relative contribution to our revenues and costs of each network.

23.    Under applicable SEC rules and regulations governing the preparation of the Registration Statement and Prospectus, the Registration Statement was required to disclose that the Company was then experiencing declining gross margins due to several recent acquisitions. The Registration Statement failed to contain any such disclosure.

24.    On November 19, 2007, after the close of the market, Focus Media issued a press release announcing its financial results for the third quarter of 2007, the period ending September 30, 2007. Among other things, the Company reported that its gross margins for the third quarter of 2007 had declined due to several recent acquisitions.

25.    Following the Company's earnings release, on November 20, 2007, the price of Focus Media ADSs dropped from $57.15 per ADS to $52.00 per ADS on extremely heavy trading volume.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

26.    Plaintiff repeats and realleges each and every allegation contained above.

27.    This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants.

28.    The Registration Statement for the Secondary Offering was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

29.    Focus Media is the registrant for the Secondary Offering. The defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

30.    As issuer of the ADSs, Focus Media is strictly liable to Plaintiff and the Class for the misstatements and omissions.

31.    None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

32.    By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

33.    Plaintiff acquired Focus Media ADSs pursuant to the Registration Statement.

34.    Plaintiff and the Class have sustained damages. The value of Focus Media ADSs has declined substantially subsequent to and due to Defendants' violations.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

35.    Plaintiff repeats and realleges each and every allegation contained above.

36.    This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all Defendants.

37.    Defendants were sellers and offerors and/or solicitors of purchasers of the ADSs offered pursuant to the Prospectus.

38.    The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.  Defendants' actions of solicitation included participating in the preparation of the false and misleading Prospectus and participating in road shows to market the Secondary Offering to investors.

39.    Defendants owed to the purchasers of Focus Media ADSs, including Plaintiff and other class members, the duty to make a reasonable and diligent investigation of the statements contained in the Secondary Offering materials, including the Prospectus contained therein, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.  Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the Secondary Offering materials as set forth above.

40.    Plaintiff and other members of the Class purchased or otherwise acquired Focus Media ADSs pursuant to and/or traceable to the defective Prospectus.  Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Prospectus.

41.    Plaintiff, individually and representatively, hereby offers to tender to defendants those securities which plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the consideration paid for those securities together with interest thereon. Class members who have sold their Focus Media ADSs are entitled to rescissory damages.

42.    By reason of the conduct alleged herein, these defendants violated, and/or controlled a person who violated, §12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold Focus Media ADSs purchased in the Secondary Offering have the right to rescind and recover the consideration paid for their Focus Media ADSs and hereby elect to rescind and tender their Focus Media common stock to the defendants sued herein. Plaintiff and Class members who have sold their Focus Media ADSs are entitled to rescissory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A.    declaring this action to be a plaintiff class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B.    awarding plaintiff and other members of the Class damages together with interest thereon;

C.    with respect to Count II, ordering that the Secondary Offering be rescinded;

D.    awarding plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

E.    awarding plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED: November 27, 2007

COUGHLIN STOIA GELLER RUDMAN &
    ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ABRAHAM FRUCHTER & TWERSKY LLP
JACK G. FRUCHTER
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
Telephone: 212/279-5050
212/279-3655 (fax)

Attorneys for Plaintiff

## CERTIFICATION OF EASTERIVER PARTNERS, INC. IN SUPPORT OF CLASS ACTION COMPLAINT

Eastriver Partners, Inc. ("plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint prepared by counsel in the above-captioned case and has authorized its filing.

2.    Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    During the proposed Class Period, plaintiff executed the following transactions in the stock of Focus Media Holding, Ltd.  See Attachment A:

5.    In the past three years, plaintiff has not served, nor sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws.

6.    Plaintiff will not accept payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of November, 2007.

EASTRIVER PARTNERS, INC.

## ATTACHMENT A

| DATE | ACTION | AMOUNT | PRICE |
|------|--------|--------|-------|
| 11/07/2007 | Bought | 300 shares | $64.75 |