UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
EASTRIVER PARTNERS, INC., Individually : Civil Action No. 1:07-cv-10617-LTS
and On Behalf of All Others Similarly Situated, :
 : <u>CLASS ACTION</u>
              Plaintiff, :
 :
     vs. :
 :
FOCUS MEDIA HOLDING LIMITED, et al., :
 :
              Defendants. :
---------------------------------------------------------- 
SCOTT BAUER, Individually and On Behalf : Civil Action No. 1:07-cv-11479-LTS
of All Others Similarly Situated, :
 : <u>CLASS ACTION</u>
              Plaintiff, :
 :
     vs. :
 :
FOCUS MEDIA HOLDING LIMITED, et al., :
 :
              Defendants. :
---------------------------------------------------------- x

MEMORANDUM IN SUPPORT OF THE MOTION OF IRON WORKERS LOCAL NO. 25
PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL

I.   **PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all persons, other than defendants, who purchased or otherwise acquired Focus Media Holding Limited ("Focus Media" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Company's secondary public offering ("Secondary Offering") on or about November 7, 2007, as well as purchasers of the Company's stock between September 27, 2007 and November 19, 2007, inclusive (the "Class Period") and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Institutional Investor Iron Workers Local No. 25 Pension Fund ("Iron Workers Local No. 25") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Iron Workers Local No. 25 as Lead Plaintiff in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve Iron Workers Local No. 25's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Iron Workers Local No. 25 is the most adequate plaintiff, as defined by the PSLRA. Iron Workers Local No. 25 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Iron Workers Local No. 25 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

Iron Workers Local No. 25 suffered losses of approximately $32,697.53 in connection with its purchases of Focus Media ADSs during the Class Period. *See* Alba Decl. Ex. B.[1] In addition, Iron Workers Local No. 25, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class.

## II.   FACTUAL BACKGROUND

Focus Media operates an out-of-home advertising network using audiovisual television displays in the People's Republic of China.

The complaint in the action entitled *Eastriver Partners, Inc. vs. Focus Media Holding Limited, et al.*, Civil Action No. 07-cv-10617 (the "*Eastriver Partners* Action") charges Focus Media, certain of its officers and directors and the underwriters with violations of the Securities Act. According to the complaint, on or about November 1, 2007, Focus Media filed a Form F-1/A Registration Statement (the "Registration Statement") with the Securities and Exchange Commission ("SEC") for the Secondary Offering. On or about November 6, 2007, the Prospectus (the "Prospectus") with respect to the Secondary Offering, which forms part of the Registration Statement, became effective and more than 13.5 million shares of Focus Media's ADSs at $64.75 per ADS were sold to the public, thereby raising more than $888 million. The complaint alleges that the Registration Statement and the Prospectus contained inaccurate statements of material fact because they failed to disclose that the Company had made numerous acquisitions in its Internet advertising business division which were depressing its gross margins in that important division.

---

[1] References to the "Alba Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated January 28, 2008, and submitted herewith.

The complaint in the action entitled *Scott Bauer vs. Focus Media Holding Limited, et al.*, Civil Action No. 07-cv-11479-LTS charges Focus Media and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that the Company had made numerous acquisitions in its Internet Advertising Business segment; (2) that these acquisitions had significantly reduced gross margins in the Company's Internet Advertising Business segment; and (3) that these acquisitions had substantially increased the Company's operating expenses.

On November 19, 2007, after the close of the market, Focus Media issued a press release announcing its financial results for the third quarter of 2007, the period ending September 30, 2007. Among other things, the Company reported that its gross margins for the third quarter of 2007 had declined due to several recent acquisitions. Following the Company's earnings release, on November 20, 2007, the price of Focus Media ADSs dropped from $57.15 per ADS to $52.00 per ADS on extremely heavy trading volume.

### III.    ARGUMENT

#### A.    The Actions Should Be Consolidated For All Purposes

The Actions assert class claims on behalf of the purchasers of Focus Media ADSs for alleged violations of the Securities Act and the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Focus Media ADSs during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Focus Media ADSs at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact.

- 3 -

Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

      **B.**      **Iron Workers Local No. 25 Should Be Appointed Lead Plaintiff**

          **1.**      **The Procedure Required By the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Eastriver Partners* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business-oriented newswire service, on November 27, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 4 -

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Iron Workers Local No. 25 Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. Iron Workers Local No. 25 Has Complied With the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on January 28, 2008.  Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice (published on November 27, 2007), Iron Workers Local No. 25 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Iron Workers Local No. 25 has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the Class.  *See* Alba Decl. Ex. C.  In addition, Iron Workers Local No. 25 has selected and retained competent counsel to represent itself and the Class.  *See* Alba Decl. Ex. D.  Accordingly, Iron Workers Local No. 25 has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b. Iron Workers Local No. 25 Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

- 5 -

Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Iron Workers Local No. 25, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id*.

### c.    Iron Workers Local No. 25 Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C, Iron Workers Local No. 25 purchased Focus Media ADSs in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. In addition, Iron Workers Local No. 25 incurred a substantial $32,697.53 loss on its transactions in Focus Media ADSs. Iron Workers Local No. 25 thus has a significant financial interest in this case. Therefore, Iron Workers Local No. 25 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.    Iron Workers Local No. 25 Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact

common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). Iron Workers Local No. 25 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Iron Workers Local No. 25 satisfies this requirement because, just like all other Class members, it: (1) purchased Focus Media ADSs during the Class Period; (2) purchased Focus Media ADSs in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Iron Workers Local No. 25's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Iron Workers Local No. 25 to represent the Class to the existence of any conflicts between the interest of Iron Workers Local No. 25 and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02-MD-1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Iron Workers Local No. 25 is an adequate representative of the Class. As evidenced by the injuries suffered by Iron Workers Local No. 25, which purchased Focus Media ADSs at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Iron Workers Local No. 25 are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Iron Workers Local No. 25's interest and those of the other members of the Class. Further, Iron Workers Local No. 25 has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Iron Workers Local No. 25's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation

in a professional manner. Thus, Iron Workers Local No. 25 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Iron Workers Local No. 25's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Iron Workers Local No. 25 has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Iron Workers Local No. 25's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Iron Workers Local No. 25 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Iron Workers Local No. 25 as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: January 28, 2008  COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP


  _____/s/ *Mario Alba Jr.*_____
  MARIO ALBA JR.

  SAMUEL H. RUDMAN
  DAVID A. ROSENFELD
  MARIO ALBA JR.
  58 South Service Road, Suite 200
  Melville, NY 11747
  Telephone: 631/367-7100
  631/367-1173 (fax)

  [Proposed] Lead Counsel for Plaintiffs

- 10 -

**CERTIFICATE OF SERVICE**

I, Mario Alba Jr., hereby certify that on January 28, 2008, I caused a true and correct copy of the attached:

>Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;

>Memorandum In Support Of The Motion Of The Iron Workers Local No. 25 Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and

>Declaration Of Mario Alba Jr. In Support Of The Motion Of The Iron Workers Local No. 25 Pension Fund For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

>/s/ *Mario Alba Jr.*
>Mario Alba Jr.

FOCUS MEDIA

Service List - 1/28/2008   (07-0271)

Page 1 of 1

**Counsel For Defendant(s)**

Corporate Attorney
Citigroup Global Markets Inc.
399 Park Avenue
New York, NY  10043
  212/559-2630
  212/793-7910 (Fax)

Corporate Attorney
Credit Suisse Securities (USA) LLC
11 Madison Avenue
New York, NY  10010
  212/325-2000

Legal Department
Focus Media Holding Limited
28-30th Floor Zhao Feng World Trade Bldg.,
369 Jiangsu Road
Shanghai, 200050 China,

Corporate Attorney
Merrill Lynch & Co.
4 World Financial Center
250 Vesey Street
New York, NY  10080

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
  212/279-5050
  212/279-3655 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
  516/741-4977
  516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
  610/667-7706
  610/667-7056 (Fax)